Chief Justice Watkins delivered the opinion of the Court. This is an application for a writ of error to stay execution of the sentence. The prisoner was convicted in the Hempstead Circuit Court, of murder in the second degree, and sentenced to confinement in the penitentiary for a term of years, commencing on the 22d January, 1853. On inspection of the transcript presented to us on behalf of the prisoner, it does not appear that any appeal was .applied for in the court below. The construction to be given of the statute, Title, Criminal Proceedings, sec. 225, et. seq., regulating the exercise of the appellate jurisdiction of this court in criminal proceedings, in our opinion is, that the appeal, if applied for during the term, should be granted as a matter of right, and so is the writ of error to be allowed by this court.- That if the prisoner desires a stay of proceedings, pending the determination of the' cause in this court, he should pray an appeal in the Circuit Court,- and for an order directing that the appeal shall operate as a stay' of proceedings on the judgmeut. The granting or refusing this order is a matter of discretion in the Circuit Court; but, if refused, it is the imperative duty of the court below to order the execution of the sentence to be suspended for a time reasonably sufficient to enable the prisoner to make application to this court, or one of its judges, for such order to stay proceedings. If, in the opinion of the Supreme Court, or judge,- to whom the record is presented, there is probable cause for' the appeal or writ of error, or so much doubt as to render it expedient to take the judgment of the Supreme Court upon it, an order is made that the appeal granted in the court below' shall operate as a stay of proceedings, or a writ of error, will be alio wed'with like order for supersedeas. But unless the application be made to the Circuit Court, for the order to stay proceedings, the application to this court will not be entertained. Besides, the want of respect for the opinion of the Circuit Court, implied by the omission to make the application there in the first instance, until it is refused, there can be no necessity or propriety for applying to this court, or one of its judges, whose opinion, according to the obvious intent of the statute, c'an only be appealed to for the pu'rpose of correcting the supposed error of the Circuit Court in refusing to- grant the order. And there is another reason why this must be taken to be the correct construction of the law. The statute goes on to provide that if the order to stay proceedings be made, and the prisoner is in custody of the sheriff-, he may, in all cases, except where he is under sentence of death, apply to the Circuit Court, or judge, for a habeas corpus, in order that he may be brought out and admitted to bail upon sufficient recognizance with security, conditioned to abide the judgment of this court, as prescribed.in sec, 232. It is made the duty of the Circuit Court, or judge, to take this recognizance, not only for the convenience of the prisoner and his securities, but because that cóurt is better qualified than the Supreme Court to pass upon the sufficiency of the securities. In this case, the sentence having been passed without any order for suspension, the prisoner ought to be, and is in legal contemplation, now undergoing confinement in the penitentiary, pursuant to the sentence. The law does not contemplate that the keeper of the penitentiary shall be required, in obedience to a writ of habeas corpus, to transport convicts committed to his custody to various counties, in order that they may be admitted to bail. This condition of the prisoner may give him some claim to a speedy adjudication of his cause by this court, but his submission to the sentence in the court below without asking for a suspension, must be held as a waiver of his right to apply to this court for a stay of proceedings. The writ of error will go, if the party elects to prosecute it without supersedeas.